```
MARJAN MORTAZAVI (#189701)
MORTAZAVI & ASSOCIATES
501 W. BROADWAY ST., STE. 510
SAN DIEGO, CA 92101

TELEPHONE: (619) 233-4415
FAX:       (619) 233-4428

Attorney for Debtors-in-Possession
GREGORY & PAMELA LANDA
```

**UNITED STATES BANKRUPTCY COURT,**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br>GREGORY SCOTT LANDA,<br>PAMELA SUZANNE LANDA,<br><br>    Debtors-in-Possession | Case No.: 09-14144-PB11<br><br>**[PROPOSED DRAFT #01]**<br><br>**DEBTORS' PLAN OF REORGANIZATION** |

GREGORY SCOTT LANDA and PAMELA SUZANNE LANDA, Debtors, propose the following Plan of Reorganization:

### ARTICLE I

### PLAN SUMMARY

In summary, this Plan of Reorganization provides for the following: (1) The curing of arrearages to Litton Loan Servicing, L.P., holder of a first trust deed on Debtors residence; (2) The avoidance of the lien of the second deed of trust held by BAC Home Loans Servicing against Debtors' residence; (3) The repayment of taxes to the Internal Revenue Service and Franchise Tax Board; and (4) Payment of unsecured claims totaling approximately 5% of their allowed claims in 60 monthly installments.

Funds for the payment of all claims will come from the debtors' future income. A summary of the plan is set forth in the Debtors' Disclosure Statement dated February 22, 2010.

## ARTICLE 2

### DEFINITIONS

**Administrative claim.** An administrative claim (including a professional fee or expense)that is entitled to priority of payment under 11 USC Section 507(a)(1) and that is allowed under 11 USC Section 503.

**Allowed claim.** The amount of a claim, a proof of which was filed within the time fixed by the Court or was listed on the schedules filed by the debtors (and was not listed thereon as being disputed, contingent or unliquidated), to which no objection is filed or which is allowed by order of the Court.

**Court.** The United States Bankruptcy Court for the Southern District of California.

**Debtors.** Gregory Scott Landa and Pamela Suzanne Landa.

**Effective date of the Plan.** The date on which the order of the Court confirming the Plan becomes final, non-appealable and not subject to stay.

**Estate.** The estate created under 11 USC Section 541 by reason of the commencement of this case.

**Impaired claim.** A claim of which is the legal, equitable or contractual rights of the holder are altered by the Plan.

**Plan.** The Debtors' Plan of Reorganization Dated February 22, 2010 (i.e. this Plan of Reorganization).

**Term** of Plan. A period beginning on the effective date of the Plan and ending when all payments and other acts required of the Debtors under the Plan have been made.

# ARTICLE 3

## CLASSIFICATION OF CLAIMS

The claims to be dealt with under the Plan are classified as follows:

**Class 1: Fully Secured Claims.**

A. Real Estate Secured Claims. The claim of Litton Loan Servicing, L.P., holder of a first trust deed on Debtors residence (Claim 7-1), in the amount of $1,111,437.09 will be treated as fully secured.

B. Motor-Vehicle Secured Claims. The claim of BMW Financial Services securing Debtors' Mini Cooper automobile in the sum of 25,001.00 shall be treated as fully secured. The claim of US Bank securing Debtors' Volvo automobile in the sum of 24,360.00 shall be treated as fully secured.

**Class 2: Undersecured Claims Encumbering Debtors' Residence.** The claim of BAC Home Loans Servicing, holder of a second deed of trust against Debtors' residence, will be treated as wholly unsecured pursuant to action to be taken to avoid said creditor's lien.

**Class 3: Nonpriority Unsecured Claims.** All other nonpriority unsecured claims. Debtors have surrendered the automobiles under their leases with Chase and GMAC, and any deficiencies thereunder shall be treated as Class 3 Claims.

## ARTICLE 4

### CLASSES OF CLAIMS NOT IMPAIRED BY THE PLAN

The following classes of claims are not impaired by the Plan:

**Class 1.**

All other classes of claims are impaired by the Plan.

## ARTICLE 5

### TREATMENT OF CLASS 1 CLAIMS

Notwithstanding any other provision of this plan, during this case and following completion of this case, Debtors shall pay Litton Loan Servicing, L.P., holder of a first trust deed on Debtors residence (Claim 7-1), a monthly interest only payment of $3,451.20 and pay an additional $138.53 per month until the arrears are paid in the amount allowed, plus interest at 4.5% per annum.

Debtors shall pay BMW Financial Services $460.04 and US Bank $329.24 monthly, as specified in the agreements securing these claims.

## ARTICLE 6

### TREATMENT OF CLASS 2 CLAIM

The claim of BAC Home Loans Servicing, holder of a second deed of trust against Debtors' residence, is wholly unsecured and will be treated as a Class 3 claim, pursuant to action to be taken to avoid said creditor's lien.

////

## ARTICLE 7

**TREATMENT OF CLASS 3 CLAIMS**

Holders of unsecured, non-priority claims will be paid a sum equal to 5% of their allowed claims in equal monthly installments over a period of sixty-months, commencing six months after the effective date of the plan.

## ARTICLE 8

**TREATMENT OF ADMINISTRATIVE AND PRIORITY TAX CLAIMS**

All allowable claims for costs and expenses of administration entitled to priority under 11 USC Section 507(a)(1), including fees and expenses of professionals, shall be paid in full upon the approval of such claims by the court.

Each allowed tax claim of a governmental unit entitled to priority under 11 USC Section 507(a)(8) shall be paid in full in cash over a period not exceeding five years from the date of assessment of such claim.

## ARTICLE 9

**IMPLEMENTATION OF PLAN**

The debtors shall retain all of their property during the period of the Plan. The funds for implementing and carrying out the Plan shall be provided by the debtors' employment operations. Required monthly installment payments shall be paid directly to creditors who filed claims.

////

////

////

## ARTICLE 10

### RETENTION OF JURISDICTION

The Court shall retain jurisdiction over the parties to and the subject matter of the Plan and all matters related thereto until the Plan has been fully consummated and the case closed, or until the case is dismissed or converted to another chapter. Specifically, the Court shall retain jurisdiction to interpret and enforce the provisions of the Plan, determine all disputes or controversies arising under the Plan, enter orders in aid of consummation of the Plan, and determine the allowance of claims or expenses against the Debtors or the Estate.

## ARTICLE 11

### DISCHARGE AND RELEASE

On the completion of all payments called for under the plan, the Debtors, and all property of the Estate shall be discharged and released from liability for any and all claims, debts, liabilities and encumbrances that arose before the date of the order confirming the Plan, except as expressly provided in the Plan. The second deed of trust in favor of BAC Home Loans Servicing encumbering the residence of the Debtors, will be reconveyed to the Debtors upon completion of payments.

////

////

////

////

////

# ARTICLE 12

**EFFECT OF CONFIRMATION OF PLAN**

A. BINDING EFFECT OF PLAN

The provisions of a confirmed Plan bind the Debtors, any entity acquiring property under the Plan, and any creditor, or interest holder, even those who do not vote to accept the Plan.

B. MODIFICATION OF THE PLAN

The Debtors may modify the Plan at any time before confirmation. The Debtors may modify the Plan at any time after confirmation, and before substantial consummation, upon notice and hearing to creditors.

C. VESTING OF ASSETS

The confirmation of this Plan vests all property of the Estate in the Debtors, subject to their obligation to perform the plan.

```
DATED: 02/22/2010        By:   /S/ GREGORY SCOTT LANDA
                               GREGORY SCOTT LANDA


DATED: 02/22/2010        By:   /S/ PAMELA SUZANNE LANDA
                               PAMELA SUZANNE LANDA


DATED: 02/10/2010        By:   /S/ MARJAN MORTAZAVI
                               MARJAN MORTAZAVI,
                               Attorney for Debtors
```